# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| JAMES AND PAMELA STREET, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| WYNDHAM WORLDWIDE OPERATIONS, ) | |
| INC., WYNDHAM VACATION RESORTS, ) | JUDGE _____ |
| INC., WYNDHAM VACATION ) | |
| OWNERSHIP, INC., ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Defendants Wyndham Worldwide Operations, Inc., Wyndham Vacation Resorts, Inc., and Wyndham Vacation Ownership, Inc., pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby give notice of the removal of this action from the Circuit Court for the State of Tennessee, Williamson County, and state as grounds for removal:

1. Plaintiffs commenced a civil action against Defendants in the Circuit Court for the State of Tennessee, Williamson County, Docket No. 2015-571, on December 16, 2015.

2. Plaintiffs James and Pamela Street ("Plaintiffs") are a citizens and residents of North Carolina. (Compl. ¶ 1).

3. Defendants Wyndham Worldwide Operations, Inc., Wyndham Vacation Resorts, Inc., and Wyndham Vacation Ownership, Inc. each received service of process of a summons and the Complaint on or about January 15, 2016 in Brentwood, Tennessee, through their registered agents. True and correct copies of the Summonses and Complaint are attached hereto

1

as collective **Exhibit 1**. The Defendants listed in this Paragraph will be collectively referred to herein as the "Wyndham Defendants."

4. Defendant Wyndham Worldwide Operations, Inc. is a Delaware corporation, and its principal place of business is located at 22 Sylvan Way, Parsippany, New Jersey, 07054-3801. (Compl. ¶ 2).

5. Defendant Wyndham Vacation Resorts, Inc. is a Delaware corporation, and its principal place of business is located at 6277 Sea Harbor Drive, Orlando, Florida 32821-8043. (Compl. ¶ 3).

6. Defendant Wyndham Vacation Ownership, Inc. is a Delaware corporation, and its principal place of business is located at 6277 Sea Harbor Drive, Orlando, Florida 32821-8043. (Compl. ¶ 4).

7. Based on the foregoing, there exists complete diversity of citizenship between Plaintiffs and all Defendants.

8. Upon information and belief, the amount in controversy exceeds the jurisdictional minimum of $75,000.00. While Plaintiffs do not allege any specific amount of damages in their Complaint, it appears the amount in controversy exceeds the jurisdictional minimum based on the nature of the allegations and, specifically, the following:

(a) Plaintiffs allege that they purchased vacation ownership interests from Wyndham, the purchase prices for which totaled at least $53,149.00. (Compl. ¶ 28).

(b) Plaintiffs allege that they would not have purchased the vacation ownership interests reflected above absent the allegedly fraudulent conduct on the part of the Defendants. (*Id.* at ¶ 92). Additionally, they aver that each of those purchases was fraudulently induced. (*Id.* at ¶¶ 95-118).

(c) Among the possible remedies Plaintiffs may pursue is rescission of at least one transaction totaling $53,149.00. Plaintiffs also allege they have been paying $148.00 per month in maintenance fees (*Id.* at ¶ 30). Plaintiffs' most recent purchase was in December 2011; thus, the total maintenance fees paid from that date through the present is approximately $7,104.00.

(d) In addition to seeking compensatory damages, Plaintiffs also seek to recover interest and costs (Complaint at ¶¶ 94, 118, 127, 136, 156, 171) and punitive damages (*id.* at ¶¶ 94, 118, 127).

(e) While the Wyndham Defendants deny that Plaintiffs are entitled to any damages whatsoever, a fair reading of the Complaint clearly evidences an amount in controversy in excess of the requisite $75,000.00.

9. Based on the foregoing, this Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332(a), as amended, because the amount in controversy exceeds the jurisdictional minimum of $75,000.00, and this action is between citizens of different states. Thus, this case is properly removable pursuant to 28 U.S.C. § 1441, *et seq.*

10. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of receipt "by the defendant(s), through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

11. Pursuant to 28 U.S.C. § 1446(d), Plaintiffs will be served with written notice of removal, and a copy of this Notice of Removal will be filed contemporaneously with the Circuit Court for the State of Tennessee, Williamson County. A true and correct copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit 2**.

12. By filing the instant Notice of Removal, the Wyndham Defendants do not waive, and fully reserve, all defenses they may have, including but not limited to, defenses of lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief may be granted.

13. Based on the foregoing, the Wyndham Defendants respectfully request that the United States District Court for the Middle District of Tennessee accept this Notice of Removal and assume jurisdiction of this cause and issue such further orders and processes as may be necessary to bring before it all parties necessary.

WHEREFORE, Defendants Wyndham Worldwide Operations, Inc., Wyndham Vacation Resorts, Inc., and Wyndham Vacation Ownership, Inc., hereby give notice that the above-described action now pending against them in the Circuit Court for Williamson County, Tennessee, at Franklin has been removed therefrom to this Court.

Dated this 11th day of February, 2016.

    Respectfully submitted,

    BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.

    s/ Joy Boyd Longnecker
    Joy Boyd Longnecker (#29627)
    211 Commerce Street, Suite 800
    Nashville, Tennessee 37201
    (615) 726-5600
    (615) 744-5632 (facsimile)

    Eugene Podesta (#9831)
    165 Madison Avenue, Suite 2000
    Memphis, Tennessee 38103
    (901) 577-2213
    (901) 577-0761 (facsimile)

4

N JAB01 1614175 v1
2903712-000068 02/09/2016
Case 3:16-cv-00204   Document 1   Filed 02/11/16   Page 4 of 5 PageID #: 424

*Attorneys for Defendants*
*Wyndham Worldwide Operations, Inc.*
*Wyndham Vacation Resorts, Inc.*
*Wyndham Vacation Ownership, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was served upon counsel listed below by U.S. Mail, postage prepaid, this 11th day of February, 2016:

| | |
|---|---|
| Kristin Fecteau, Esq. | Aubrey Givens, Esq. |
| The Law Office of Kristin Fecteau, PLLC | Aubrey Givens & Associates, PLLC |
| 1900 Church Street, Suite 300 | 501 Union Street, Suite 307 |
| Nashville, TN 37203 | Nashville, TN 37219 |

s/ Joy Boyd Longnecker
Attorney